UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IZAIAH ABRAMS,
individually, and on behalf of all
others similarly situated,

    Plaintiffs,

v.                                         CASE NO.: 8:24-cv-00949

CHHJ FRANCHISING L.L.C.      COLLECTIVE ACTION

    Defendants.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff, IZAIAH ABRAMS (hereinafter "Plaintiff" or "ABRAMS"), individually and on behalf of all others similarly situated, by and through his counsel, brings his claims as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. §§201 et seq. (the "FLSA"), and breach of contract/unpaid wages and attorneys' fees and costs under Section 448.08, Florida Statutes, against Defendant CHHJ FRANCHISING L.L.C. (hereinafter referred to as "CHHJ"), their subsidiaries and affiliates, and alleges as follows:

**PRELIMINARY STATEMENT**

1.    This is a collective action brought by individual and representative Plaintiff, IZAIAH ABRAMS (hereinafter "Plaintiff" or "ABRAMS"), on his own

behalf and on behalf of all others similarly situated. Plaintiff and the putative class members are or were employed by Defendant, CHHJ FRANCHISING L.L.C., and were denied overtime pay required by federal wage and hour laws. These employees are similarly situated under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b).

2. The FLSA collective/putative class is made up of all persons who are or have been employed by Defendant as movers during the applicable statutory period, and who provided services to Defendant's clients/customers including, but not limited to, driving moving trucks, lifting and moving household goods and furniture, and cleaning the moving trucks.

3. During the applicable statutory period, Defendant failed to pay overtime compensation to each member of the class as required by federal law. Plaintiff seeks relief for the collective class under the FLSA to remedy Defendant's failure to pay appropriate overtime compensation including, but not limited to, unpaid overtime compensation, an equal amount of liquidated damages, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C. §216(b), which provides that suit under the FLSA "may be maintained against any employer…in any Federal or State court of competent jurisdiction."

5. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. §1331.

6. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because Defendant resides in and/or does business within this District. In addition, a substantial part of the events and omissions giving rise to the claims pleaded in this Complaint occurred within this District.

## PARTIES

7. At all times material, Defendant, CHHJ FRANCHISING L.L.C. is a Florida Limited Liability Company that maintains office(s) and/or engages in, conducts, and/or transacts business in the State of Florida, including this judicial district.

8. Defendant CHHJ FRANCHISING L.L.C. is, and was at all relevant times, an "employer" within the meaning of 29 U.S.C. §203(d) of the FLSA.

9. Defendant, CHHJ FRANCHISING L.L.C. is in the business of, but not limited to, full-service moving, junk removal and trash pickup, proving packing services, and providing donation pickup services, in the State of Florida, among other states.

10. Plaintiff, IZAIAH ABRAMS, is a Florida resident.

11. Plaintiff ABRAMS was employed by CHHJ FRANCHISING L.L.C. in this judicial circuit as a mover during the three (3) years before the date on which

this Complaint was filed, specifically, from approximately June 2022 through September 2023.

## FACTUAL BACKGROUND

12. Plaintiff brings this case on behalf of himself and the similarly situated individuals, as defined by 29 U.S.C. §201, sec. 3(e), who currently work, or who worked, as a mover and performed similar moving duties for Defendant at any time during the applicable statutory period immediately preceding the filing of the original Complaint (hereinafter "statutory period").

13. During the term of their employment with Defendant, Plaintiff and the similarly situated individuals regularly worked in excess of forty (40) hours per workweek.

14. Defendant employed Plaintiff and the similarly situated individuals during the liability period.

15. Defendant employed Plaintiff and the similarly situated individuals as movers to perform services for Defendant's clients/customers such as driving moving trucks, lifting and moving household goods and furniture, and cleaning the moving trucks.

16. Plaintiff and the similarly situated individuals are employees of Defendant within the meaning of the FLSA.

17. The individual claims of Plaintiff and the similarly situated individuals have common questions of fact and law.

18. Defendant is an employer and enterprise engaged in interstate commerce and is subject to the FLSA.

19. Defendant's operations, practices, policies and procedures, including those with respect to compensation, are highly integrated and interdependent such that Defendant constitutes a single and/or joint employer under the law.

20. Defendant conducts, transacts, and engages in business in, but not limited to, the Tampa Florida area.

21. Defendant, as part of their business, engage in interstate commerce by processing credit cards which are instruments of interstate commerce, by advertising and soliciting sales on the World Wide Web and/or other mediums to potential clients and customers inside and outside of Florida, and by transacting and conducting business across state lines, all of which are part of interstate commerce.

22. Furthermore, Defendant obtains, exchanges, and sends/receive funds to and from outside of the State of Florida, uses telephonic transmissions going outside of the State of Florida to conduct business, and transmits electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

23. At all times relevant to this action, the annual gross volume of Defendant exceeded $500,000 in the year preceding nonpayment.

24. Defendant operates, and at all times relevant to this Complaint, have operated and conducted a full-service moving, and junk removal business in and through the State of Florida.

25. Defendant supervised or had operational control over Plaintiff and the similarly situated individuals who were performing moving jobs/services for Defendant.

26. Defendant managed the work of Plaintiff and the similarly situated individuals including the amount of hours worked by them. Defendant dictated, controlled and ratified the wage and hour and all related employee compensation policies.

27. At all times material herein, Defendant controlled the day-to-day activities, supervised, and/or had operational control over Plaintiff and the similarly situated individuals. In regard to Plaintiff and the similarly situated individuals, Defendant was responsible for hiring Plaintiff and the similarly situated individuals, having the ability to terminate Plaintiff and the similarly situated individuals, setting the rate or rate of pay for Plaintiff and the similarly situated individuals, determining if overtime compensation was going to be paid, setting the work schedule including the number of days and/or hours worked by Plaintiff and the similarly situated

individuals, determining and assigning the work duties of Plaintiff and the similarly situated individuals, and supervising Plaintiff and the similarly situated individuals.

28. Defendant requires Plaintiff and the similarly situated individuals, as movers, to follow specific written procedures and participate in training with respect to how they do their jobs.

29. Defendant assigns Plaintiff and the similarly situated individuals, as movers, to a specific job/assignment and furnishes them with a detailed list of duties or services to be performed during a workday.

30. Specifically, Plaintiff and the similarly situated individuals would drive/clean moving trucks, and move and carry household goods, furniture, and personal items for customers.

31. Defendant maintains exclusive control over Plaintiff's and the similarly situated individuals' primary means of income by setting schedules and assignments.

32. Defendant improperly requires Plaintiff and the similarly situated individuals to (1) come to work an hour before the start of their paid shifts each day to perform the tasks described above without pay, (2) stay an additional half hour past the ends of their paid shifts each day to complete remaining work without pay, and (3) work one more unpaid hour each week to fulfill miscellaneous duties.

33. Specifically, these miscellaneous duties included truck maintenance, situations during which customers ran behind when moving their personal

belongings, or when Plaintiff and the similarly situated individuals were short-staffed.

34. Throughout the liability period, Plaintiff and the similarly situated individuals regularly worked over forty (40) hours per work week.

35. Plaintiff and the similarly situated individuals are, and at all times pertinent hereto have been, non-exempt employees within the meaning of the FLSA and the implementing rules and regulations of the U.S. Department of Labor.

36. As non-exempt employees, they are subject to the FLSA's overtime wage requirements.

37. Plaintiff and the similarly situated individuals worked the number of hours required of them by Defendant but were not appropriately paid for each and every hour worked during a work week.

38. Defendant suffered and permitted Plaintiff and the similarly situated individuals to work more than forty (40) hours in a work week without overtime compensation.

39. Defendant was aware, or reasonably should have been aware, that Plaintiff and the similarly situated individuals worked in excess of forty (40) hours in a work week without overtime compensation.

40. Defendant failed and refused to properly compensate Plaintiff and the similarly situated individuals for each hour worked in excess of forty (40) in a workweek.

41. Defendant's actions in failing and/or refusing to pay Plaintiff and the similarly situated individuals the applicable overtime compensation wages, as required by the FLSA, were willful and not done in good faith.

42. As a result of Defendant's improper and willful failure to pay Plaintiff and the similarly situated individuals in accordance with the requirements of federal wage and hour laws, Plaintiff and the similarly situated individuals suffered lost wages and other damages.

43. Plaintiff and the putative class members have retained the undersigned attorney and are obligated to pay him a reasonable fee for his services pursuant to the FLSA.

## ALLEGATIONS OF NAMED PLAINTIFF

44. From June 2022 through September 2023, Defendant employed Plaintiff Izaiah Abrams as a Junior Captain Mover.

45. Plaintiff was to be paid $17.00 for each hour worked.

46. From the beginning of his employment, Defendant required Plaintiff to arrive at work at the business headquarters by 7:00 a.m.— approximately an hour before the start of his paid shift each day—to load packing supplies onto the truck,

clean the trucks, and perform other preliminary tasks to get ready for the job without pay.

47. Plaintiff's paid shift did not start until his team arrived at the customer's home and started the process of loading the customer's furniture and personal belonging onto the truck. This typically meant that Plaintiff's paid shift started about one hour after he had actually started working.

48. Defendant also required Plaintiff to stay an additional half hour past the end of his paid shift after a customer signed for the completion of a moving to job, to finish cleaning out the truck and unloading the dollies and pads without pay.

49. Additionally, Plaintiff was required to work one more hour per week to fulfill miscellaneous duties without pay. Such miscellaneous duties included truck maintenance, situations during which customers ran behind schedule while moving their personal belongings, or when Plaintiff's team was short-staffed because a co-worker was sick or running late. During such instances, Plaintiff would be present at the jobsite either working or getting ready to work but technically not on the clock because Defendant did not count this time towards Plaintiff's pay as Plaintiff was not physically moving furniture.

50. Throughout his employment for Defendant, Plaintiff typically worked 6 days per week, regularly working over 40 hours in a work week, but not receiving overtime compensation for each hour worked over 40 hours.

51. Defendant failed to compensate Plaintiff for 9.17 hours worked each week resulting in unpaid overtime hours.

52. The following table outlines Plaintiff's unpaid overtime hours and unpaid overtime wages while employed with Defendant:

| Workweek (Dates) | Total Hours Worked | Hours Paid | Hours Unpaid | Unpaid Overtime Hours | Total Unpaid Wages |
|---|---|---|---|---|---|
| 06/20/2022 – 06/26/2022 | 42.71 | 33.54 | 9.17 | 2.71 | $69.11 |
| 06/27/2022 – 07/03/2022 | 43.92 | 34.75 | 9.17 | 3.92 | $99.96 |
| 07/18/2022 – 07/24/2022 | 44.67 | 35.50 | 9.17 | 4.67 | $119.09 |
| 07/25/2022 – 07/31/2022 | 47.67 | 38.50 | 9.17 | 7.67 | $195.59 |
| 08/08/2022 – 08/14/2022 | 43.42 | 34.25 | 9.17 | 3.42 | $87.21 |
| 08/15/2022 – 08/21/2022 | 51.42 | 42.25 | 9.17 | 11.42 | $291.21 |
| 08/22/2022 – 08/28/2022 | 68.92 | 59.75 | 9.17 | 28.92 | $737.46 |
| 08/29/2022 – 09/04/2022 | 63.92 | 54.75 | 9.17 | 23.92 | $609.96 |
| 09/05/2022 – 09/11/2022 | 46.92 | 37.75 | 9.17 | 6.92 | $176.46 |
| 10/03/2022 – 10/09/2022 | 43.42 | 34.25 | 9.17 | 3.42 | $87.21 |
| 10/10/2022 – 10/16/2022 | 46.17 | 37.00 | 9.17 | 6.17 | $157.34 |
| 10/31/2022 – 11/06/2022 | 47.67 | 38.50 | 9.17 | 7.67 | $195.59 |
| 11/14/2022 – 11/20/2022 | 43.42 | 34.25 | 9.17 | 3.42 | $87.21 |
| 02/20/2023 – 02/26/2023 | 48.67 | 39.50 | 9.17 | 8.67 | $221.09 |
| 02/27/2023 – 03/05/2023 | 55.17 | 46.00 | 9.17 | 15.17 | $386.84 |
| 03/13/2023 – 03/19/2023 | 43.92 | 34.75 | 9.17 | 3.92 | $99.96 |
| 03/27/2023 – 04/02/2023 | 61.92 | 52.75 | 9.17 | 21.92 | $558.96 |
| 04/17/2023 – 04/23/2023 | 49.67 | 40.50 | 9.17 | 9.67 | $246.59 |

11

| | | | | | |
|---|---|---|---|---|---|
| 04/24/2023 – 04/30/2023 | 54.92 | 45.75 | 9.17 | 14.92 | $380.46 |
| 05/22/2023 – 05/28/2023 | 46.92 | 37.75 | 9.17 | 6.92 | $176.46 |
| **Total** | | | | 195.44 | $4,983.72 |

53. Therefore, Plaintiff worked 195.44 overtime hours while employed with Defendant, resulting in approximately $4,983.72 in gross unpaid overtime wages.

## FLSA COLLECTIVE ACTION ALLEGATIONS

54. Plaintiff brings this case as a collective action on behalf of himself and all the similarly situated individuals. Pursuant to 29 U.S.C. §216(b), Plaintiff's signed opt-in consent form is attached as **Exhibit "A."**

55. The proposed collective class of similarly-situated individuals is defined as:

> All individuals who are or have been employed by or worked for Defendant, its subsidiaries or affiliated companies, as movers at any time during the applicable statutory period and performed moving services for Defendant including driving/cleaning moving trucks, lifting and moving household goods and furniture, and performing other related duties.

56. This action is properly maintained as a collective action because Plaintiff is similarly situated to the putative members of the collective class with respect to job title, job duties, and Defendant's compensation policies and procedures.

57. Plaintiff and the putative class members were all employed as movers by Defendant, all performed the same duties of, but not limited to, driving/cleaning moving trucks, lifting and moving household goods and furniture, and performing other related duties, for clients/customers of Defendant, and were all paid by Defendant on an hourly basis.

58. Moreover, Plaintiff and the putative class members worked over forty (40) hours in a work week for Defendant within the applicable statutory period and were not paid overtime compensation for each hour worked over forty (40) in a work week.

59. Defendant encouraged, suffered and permitted Plaintiff and the putative collective class to work more than forty (40) hours per week without the proper overtime compensation.

60. Defendant knew that Plaintiff and the putative class members performed work that required overtime compensation wages to be paid.

61. Nonetheless, Defendant deprived Plaintiff and the putative class members of overtime compensation wages.

62. Defendant has not compensated Plaintiff and the putative class members for their overtime hours worked.

63. Defendant has willfully violated the provisions of Sections 7 and 15(a)(2) of the Act [29 U.S.C. §§207 and 215(a)(2)] by employing employees

engaged in commerce for work-weeks longer than forty (40) hours without compensating them for their employment in excess of forty (40) hours at the applicable rate.

64. Defendant's conduct, as alleged herein, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

65. Plaintiff is a representative of the similarly situated individuals and is acting on behalf of their interests as well as Plaintiff's own interests in bringing this action.

66. All similarly situated individuals are known to Defendant and are readily identifiable and locatable through Defendant's records.

67. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the putative collective class. Plaintiff requests that the Court authorize notice to the members of the putative collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. §216(b), for the purpose of seeking unpaid overtime compensation, liquidated damages under the FLSA, and the other relief requested herein.

68. Plaintiff estimates there are over 100 potential members of the putative collective class. The precise number of collective class members can be easily ascertained by using Defendant's payroll and personnel records. Given the anticipated composition and size of the class, members of the collective class may

be informed of the pendency of this action directly via U.S. mail, e-mail and by posting notice in Defendant's offices.

69. All similarly situated individuals should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. §216(b).

70. Unless notice is issued, persons (movers) similarly situated to Plaintiff, who have been unlawfully deprived of overtime compensation wages in violation of FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by Defendant.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT
## BY FAILURE TO PAY OVERTIME COMPENSATION WAGES

71. Plaintiff, on behalf of himself and all the similarly situated individuals, restates and incorporates by reference paragraphs one (1) through seventy (70) as if fully set forth herein.

72. During the applicable statutory period, Plaintiff and the putative class members, worked as and performed the essential duties of a mover for Defendant.

73. Plaintiff and the putative class members regularly worked over forty (40) hours per week for Defendant during the applicable statutory period but were not properly paid overtime wages in violation of the FLSA.

74. Section 207(a)(1) of the FLSA prohibits an employer from employing its non-exempt employees for a workweek longer than forty (40) hours, unless such

employee receives compensation for all hours he or she is employed in excess of forty hours at a rate not less than one-and-one-half (1 ½) times their regular rate of pay.

75. Defendant suffered and permitted Plaintiff and the putative class members to work in excess of forty (40) hours in work weeks during the applicable statutory period without paying them overtime compensation as required by the FLSA.

76. At no time during the applicable statutory period were Plaintiff and the putative class members exempt from receiving overtime compensation under the FLSA.

77. Plaintiff and the putative class members are entitled to be paid overtime compensation premiums for each hour worked in excess of forty (40) in a work-week during the applicable statutory period.

78. By its actions alleged above, Defendant willfully, knowingly and/or recklessly violated the provisions of FLSA, which require overtime wages compensation to non-exempt employees, 29 U.S.C. §207.

79. The foregoing actions of Defendant violated the FLSA.

80. Defendant's actions were not in good faith and constituted a willful violation under the FLSA within the meaning of 29 U.S.C. §255(a).

81. As a direct and proximate cause of Defendant's unlawful conduct, Plaintiff and the putative class members have suffered and will continue to suffer a loss of income and other damages.

82. Defendant is liable to Plaintiff and the putative class members for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. §216(b), as well as reasonable attorneys' fees, costs and expenses.

83. Plaintiff and the putative class members are also entitled to injunctive relief to prevent Defendant from continuing its violation of the FLSA and other appropriate class-wide injunctive relief.

84. Because of Defendant's actions, Plaintiff and the putative class members had to retain counsel and are entitled to recover their attorney's fees and costs connected with this suit.

85. As a result of Defendant's unlawful acts, Plaintiff and the putative class members have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorney's fees, costs, and other compensation.

**WHEREFORE**, Plaintiff, on behalf of himself and all other similarly situated individuals who join in this action, pray that this Honorable Court provide for relief as follows:

A.    Designate this action as a collective action on behalf of the FLSA Collective and authorize the issuance of notice at the earliest possible time to all those who worked for or previously worked for Defendant's in the position of mover, during the three years immediately preceding the filing of this action, informing them that this action has been filed and of the nature of the action, and of their right to opt-into this lawsuit if they worked for Defendant during the liability period, but were not paid overtime wage as required by the FLSA;

B.    Declare that Defendant has violated the record keeping provision of the FLSA, 29 U.S.C. § 211(c) as to Plaintiff and the similarly situated individuals;

C.    Declare that Defendant has violated the overtime wage provisions of the FLSA, 29 U.S.C. §206, as to Plaintiff and the similarly situated individuals;

D.    Declare that Defendant's violations of the FLSA were willful;

E.    Award Plaintiff and the similarly situated individuals, damages for the amount of unpaid overtime wage compensation subject to proof at trial;

F.    Award Plaintiff and the similarly situated individuals liquidated damages in an amount equal to the overtime wage compensation shown to be owed pursuant to 29 U.S.C. § 216(b); if liquidated damages are not awarded, then in the alternative, prejudgment interest;

G.    Make the same declarations and awards as prayed for in Paragraphs A-G above as to all persons who opt into this action pursuant to 29 U.S.C. § 216(b);

H. Award Plaintiff and the similarly situated individuals reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b); and

I. To award such other and further relief as this Court may deem appropriate.

## COUNT II
## BREACH OF CONTRACT
### (As to CHHJ Franchising L.L.C.)

86. Plaintiff, on behalf of himself and all the similarly situated individuals, restates and incorporates by reference paragraphs one (1) through seventy (70) as if fully set forth herein.

87. In June 2022, Plaintiff and CHHJ FRANCHISING L.L.C. entered into an agreement to pay Plaintiff an hourly wage of $17.00 per hour worked based on a 40-hour workweek, and $25.50 per for each overtime hour worked.

88. Plaintiff was not paid for work he performed under this agreement.

89. Defendant breached the contract by not paying the wages owed to Plaintiff.

90. Defendant's breach caused Plaintiff to suffer damages in the form of unpaid wages.

91. Plaintiff has incurred attorney's fees and costs as a result of Defendant's refusal to pay wages owed in breach of this agreement.

**WHEREFORE**, Plaintiff demands compensatory damages for breach of contract; attorney's fees and costs; and such other relief this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff respectfully requests a trial by jury as to all issues so triable.

Dated this 19th day of April 2024.

> Respectfully submitted,
>
> */s/ Gary L. Printy, Jr., Esq.*
> Gary L. Printy, Jr., Esq.
> Florida Bar No. 41956
> **THE PRINTY LAW FIRM**
> 5407 N Florida Avenue
> Tampa, Florida 33604
> Telephone (813) 434-0649
> FAX (813) 423-6543
> garyjr@printylawfirm.com
> e-service@printylawfirm.com
> ***Lead Counsel for Plaintiff***