**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

IZAIAH ABRAMS, individually
and on behalf of all others similarly
situated,

      Plaintiff,

v.                                                                Case No: 8:24-cv-949-CEH-TGW

MANSARI LLC, d/b/a
College HUNKS Hauling Junk
& Moving,

      Defendant.
_____/

## <u>ORDER</u>

This matter comes before the Court on the parties' Joint Motion to Approve FLSA Settlement Agreement (Doc. 52), filed on January 7, 2026.  In the motion, the parties advise the Court that they have negotiated the terms of the FLSA settlement agreement at arm's length and request approval of this collective action settlement and dismissal of the case with prejudice.  The parties attach a copy of the Settlement Agreement to their motion. Doc. 52-1. On February 3, 2026, the Court held a hearing on the parties' motion. Having considered the joint motion, received testimony from Plaintiff's counsel, heard argument of counsel, and being fully advised in the premises, the Court will grant the parties' Joint Motion to Approve FLSA Settlement Agreement and approve the settlement under the FLSA.

## BACKGROUND

Plaintiff, Izaiah Abrams ("Plaintiff" or "Abrams"), on his own behalf and all similarly situated individuals, filed a Collective Action Amended Complaint on May 15, 2024, alleging violations of the Fair Labor Standards Act ("FLSA"). Plaintiff alleges that Defendant, Mansari LLC d/b/a College HUNKS Hauling Junk & Moving ("Defendant" or "Mansari") failed to pay the applicable statutory overtime compensation to Plaintiff and all similarly situated persons employed by Defendant. Doc. 9. In the Amended Complaint, Plaintiff sought certification, pursuant to Section 216(b) of the FLSA, of a collective action comprised of all of Defendant's employees who worked for Defendant as movers and who were paid by Defendant on an hourly basis during the applicable statutory time period but were not paid overtime compensation for work performed more than forty hours per week. *Id.* ¶¶ 54-58. Specifically, Plaintiff asserted that Defendant improperly required Plaintiff and the similarly situated individuals to: "(1) come to work an hour before the start of their paid shifts each day to perform the tasks [] without pay, (2) stay an additional half hour past the ends of their paid shifts each day to complete remaining work without pay, and (3) work one more unpaid hour each week to fulfill miscellaneous duties." *Id.* ¶ 32.

On August 8, 2024, Plaintiff filed a Motion to Conditionally Certify an FLSA Collective Action and Authorize Notice. Doc. 19. The motion requested the Court conditionally certify the collective action and permit notice be given to all similarly situated current and former employees who performed the duties of a mover and who

2

worked for Mansari at its Tampa, Florida location, in the past three years. *Id.* at 1. On December 26, 2024, the Court granted Plaintiff's Motion to Conditionally Certify an FLSA Class defined as:

> All individuals who are or have been employed by or worked for Defendant, its subsidiaries or affiliated companies, as movers at any time during the applicable statutory period and performed moving services for Defendant including driving/cleaning moving trucks, lifting and moving household goods and furniture, and performing other related duties.

Doc. 34. The motion also requested notice be provided to all current and former movers employed by Defendant at its Tampa location, who worked more than 40 hours in a workweek within the last three years but who were not paid overtime pay as required by the FLSA. Doc. 19 at 17–18. In its Order granting the motion to conditionally certify, the Court directed the parties to confer and agree upon the form of Notice to be provided to the Tampa employees and a proposed Notice Plan. Doc. 34 at 15. Additionally, Defendant was directed to provide contact and employment information for the proposed collective members. *Id.*

Notice was provided to 330 current and former employees of Defendant on February 4, 2025. At the end of the notice period, 36 individuals, including Plaintiff, returned signed consent forms to join the litigation as plaintiffs. Doc. 52 at 2. On April 17, 2025, the parties attended an in-person mediation with mediator Shane Munoz, Esquire. Doc. 44. Although the parties made progress at the mediation, it was determined that some discovery would be necessary. Accordingly, the mediation was continued to permit informal representative discovery of nine opt-in plaintiffs—three

selected by Plaintiff; three selected by Defendant; and three chosen at random. For those nine plaintiffs, Defendant produced voluminous records, including pay stubs, time records, emails, and documentation for every moving job that the opt-in plaintiffs performed over a two-month period during their employment. Following this discovery, the parties were able to reach an amicable agreement to settle this collective action. Doc. 52 at 2–3.

On December 1, 2025, Plaintiff filed a Notice of Resolution. Doc. 51. On January 7, 2026, the parties filed a Joint Motion to Approve FLSA Settlement Agreement. Doc. 52. Attached to the motion is a copy of the parties' Settlement Agreement (Doc. 52-1), which reflects the parties agreed to resolve Plaintiff and Opt-In Plaintiffs' claims for a total of $84,900, divided as described in Exhibit 1 to the Agreement. *Id.* at 6–11. Of this amount, as testified to by Plaintiff's counsel, $34,000.00 constitutes attorney's fees and $1,935.23 reflects costs. *Id.* at 11. Under the Agreement, each Opt-In Plaintiff receives a portion of the Settlement Fund based on a pro rata distribution. The distribution is calculated using the number of workweeks worked where the Opt-In Plaintiff had enough hours worked to make a claim for overtime a possibility in that week based on the claims raised by Plaintiff. Pursuant to the Agreement, the settlement represents a compromise of disputed claims. Defendant admits no liability or violation of any law or statute. Plaintiffs desire to fully and finally resolve their claims.

## APPLICABLE LAW

In *Lynn's Food Stores, Inc. v. United States*, the Eleventh Circuit explained that claims for compensation under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when a district court enters a stipulated judgment "after scrutinizing the settlement for fairness." 679 F.2d 1350, 1353 (11th Cir. 1982). In *Silva v. Miller*, the Eleventh Circuit wrote that the FLSA "contemplates that 'the wronged employee should receive his full wages plus the penalty without incurring any expense for legal fees or costs.'" 307 F. App'x 349, 351 (11th Cir. 2009). Therefore, in any case in which a plaintiff agrees to accept less than his full FLSA wages and liquidated damages, he has compromised his claim within the meaning of *Lynn's Food Stores*. Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354–55. In determining whether an FLSA settlement is fair and reasonable, the Court considers the following factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel. *See Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994).

When a proposed FLSA settlement includes an amount to be used to pay attorney's fees and costs, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no

5

conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva*, F. App'x at 351. If the Court finds the payment to the attorney is not reasonable, the Court must consider whether a plaintiff's recovery might have been greater if the parties had reduced the attorney's fee to a reasonable amount.

## ANALYSIS

Upon consideration of the parties' Joint Motion to Approve FLSA Settlement and argument presented by counsel at the hearing, the Court concludes that the Settlement Agreement reflects a fair and reasonable compromise of the disputed issues with a recognition by the parties of the inherent risks in proceeding to trial. Plaintiffs had the benefit of discovery for more than a year and one-half of litigation and competent legal advice from counsel on the benefits and consequences of a settlement. The settlement here was negotiated by experienced attorneys who have been prosecuting and/or defending these types of claims for years. Resolution of the case at this stage saved the potential for costly litigation while still affording the parties sufficient time to permit a detailed investigation into the claims and defenses. Plaintiffs and Defendant have expressed approval of the compromised Settlement Agreement. Counsel demonstrate that the matter of legal fees and costs were negotiated separate from the resolution of the Plaintiffs' claims such that the agreement to pay fees and costs had no effect on the underlying settlement with Plaintiffs. Of note, Plaintiffs' counsel agreed to reduce the fee amount to $34,000 from what was actually incurred. Counsel testified that fees in this case would have been just over $50,000.

6

In sum, the Court concludes that the Settlement Agreement is reasonable and fair considering the circumstances and facts in this case. The Court further finds that the legal fees and costs were reasonable, were not a product of collusion, and were negotiated separately from the underlying settlement.

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

1. The Parties' Joint Motion to Approve FLSA Settlement Agreement (Doc. 52) is **GRANTED**. The Settlement Agreement (Doc. 52-1) is approved, as it constitutes a fair and reasonable resolution of a bona fide dispute.

2. This action is **DISMISSED, with prejudice**.

3. The Clerk is directed to terminate any pending motions and deadlines and close this case.

**DONE AND ORDERED** in Tampa, Florida on February 25, 2026.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Unrepresented Parties, if any

7